NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUSTIN SHELTON, *Appellant*,

*v.*

STATE OF ARIZONA; ROBERT HALLIDAY, *Appellees*.

No. 1 CA-CV 15-0224
FILED 4-14-2016

Appeal from the Superior Court in Maricopa County
No. LC 2014-000320-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Law Office of Dale Norris, LLC, Phoenix
By Dale F. Norris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle Kunzman
*Counsel for Appellees*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

**D O W N I E**, Judge:

**¶1** Justin Shelton appeals the superior court's ruling affirming a decision by Robert Halliday, Director of the Arizona Department of Public Safety ("DPS"), to terminate Shelton's employment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Shelton was employed by DPS as a highway patrol officer. After he reported for duty under the influence of alcohol, DPS terminated him.

**¶3** Shelton appealed his termination to the Law Enforcement Merit System Council (the "Council"). The Council conducted an evidentiary hearing and concluded that DPS had "demonstrated by a preponderance of the evidence that the material facts on which the discipline was based are true." The Council, however, deemed termination "excessive" and recommended Shelton's discipline be reduced to a 240-hour suspension without pay.

**¶4** The Director rejected the Council's recommendation and issued a final decision terminating Shelton on June 4, 2014. Shelton appealed to the superior court, which affirmed the Director's decision. This timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-913.[1]

## DISCUSSION

### I. Substantial Evidence Supports the Director's Decision

**¶5** Shelton first contends the Director's decision to terminate him was unsupported by substantial evidence. We disagree.

**¶6** A.R.S. § 41-1830.15(A)(9) authorizes the Director to dismiss a DPS employee for being impaired by alcohol while on duty. *See also* Arizona Administrative Code ("A.A.C.") R13-5-702(B) (authorizing disciplinary action for reasons listed in § 41-1830.15). Additionally, DPS

---

[1] Although A.R.S. § 12–913 states that the superior court's decision may be appealed "to the supreme court," we have interpreted the statute as permitting appeals to this Court. *See Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014).

has adopted a written policy "to maintain a drug and alcohol-free workplace and work force." DPS employees are prohibited from: (1) reporting to duty with the odor of an alcoholic beverage on their breath or under the influence of alcohol, and (2) operating a DPS vehicle after consuming alcohol. The policy states that "the inappropriate use of alcohol by employees may . . . create a danger to public safety, expose [DPS] to civil liability, jeopardize criminal investigations and prosecutions, and undermine public confidence."

¶7        Shelton drove his DPS patrol car and reported to departmental training with alcohol in his system. After four officers and two sergeants detected alcohol on his breath, DPS administered duplicate breath tests that revealed alcohol concentrations of .066 and .062 respectively. Retrograde estimates placed Shelton's alcohol concentration at roughly .111 when he drove his DPS patrol car to the training.[2]

¶8        At the Council hearing, a captain in Shelton's line-of-command testified that he had previously warned Shelton about the consequences of reporting to work under the influence of alcohol. DPS's deputy director testified that Shelton's supervisors had made several attempts to address Shelton's drinking. The deputy director stated that DPS would assume "a lot of risk and a lot of liability" if it retained Shelton. In a series of memoranda, all four individuals in Shelton's chain-of-command recommended his termination.

¶9        The record contains ample evidence supporting the decision to terminate Shelton.

**II.      The Director Did Not Improperly Reject the Council's Recommendation**

¶10       We also disagree with Shelton's contention that the Director's rejection of the Council's recommendation was contrary to law. Our analysis is based on the statutory scheme in effect at the time of Shelton's termination.[3]

---

[2]       Pursuant to A.R.S. § 28-1381(G)(3), a person is presumed to be under the influence of intoxicating liquor with an alcohol concentration of .08 or more.

[3]       The relevant statutes have since been amended. The Council's role is now more limited in cases when the employing agency proves just cause for discipline by a preponderance of the evidence. *See, e.g.*, A.R.S. §§ 41-1830.12(D), 41-1830.16(C) (2015).

**¶11**       At the relevant time, the Council was required to first determine whether DPS had "proven by a preponderance of the evidence the material facts on which the discipline was based." *See* A.R.S. § 41-1830.12(D)(1) (2012).   If the Council answered that question in the affirmative, as it did here, the statute required it to "affirm the decision of the director of the employing agency, unless the disciplinary decision was arbitrary and capricious." *Id*.   An arbitrary action is one taken "capriciously or at pleasure," or an action taken "without adequate determining principle." *Maricopa Cty. Sheriff's Office v. Maricopa Cty. Emp. Merit Sys. Comm'n*, 211 Ariz. 219, 222, ¶ 14 (2005) ("*Juarez*").

**¶12**       The Council concluded DPS had established just cause to discipline Shelton.  It stated:

> 1. . . . [T]he Council finds that the Arizona Department of Public Safety has demonstrated by a preponderance of the evidence that the material facts on which the discipline was based are true.

> 2. The Council finds that [Shelton's] actions which constitute being impaired by alcohol or drugs as provided by ARS Title 13, Chapter 34, while on duty are grounds on which [Shelton] may be disciplined by the Arizona Department of Public Safety.

**¶13**       Arizona law expressly authorizes the Director to dismiss an employee based on these factual findings.  *See* A.R.S. § 41-1830.15(A)(9).  As such, the Council could recommend modification of the agency's chosen discipline only if the Director's decision was "arbitrary and capricious." *See Petras v. Ariz. State Liquor Bd.*, 129 Ariz. 449, 452 (App. 1981) ("[W]here there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.").  The Council stated:

> The Council concluded that the disciplinary action was arbitrary and capricious because the agency allowed [Shelton] to continue working from November, 2013 to January 2014. The only other case that had similar circumstances, which the Council concluded was more egregious, had a recommendation of a 240 hour suspension without pay.  The Council concluded that [Shelton] should have received the same consideration.

4

¶14            The Director was required to accept the Council's recommendation "unless the recommendation is arbitrary or without reasonable justification." A.R.S. § 41-1830.13(A). In this case, the Director could reasonably conclude the Council's recommended discipline lacked reasonable justification. Even under the more liberal review standards applicable to the 2014 proceedings, the Council was not authorized to simply substitute its judgment about the appropriate discipline for that of the Director. "Only in a rare situation can a punishment be found arbitrary when it falls within the permissible range." *Juarez*, 211 Ariz. at 222 n.6, ¶ 16.

¶15            The Council neither explained nor demonstrated how the termination decision was "without adequate determining principle." *Juarez*, 211 Ariz. at 222, ¶ 14. Although Shelton continued working while under investigation, he was closely monitored. Moreover, the other case with reportedly "similar circumstances" also resulted in termination. That case involved two close-in-time offenses by the same officer that resulted in simultaneous discipline. DPS gave the officer a letter for a 240-hour suspension and a termination letter at the same time. Uncontroverted evidence established that the other officer would have been terminated for the first offense had it been his only offense.

¶16            We also disagree that the Director acted contrary to law by failing to detail his reasons for rejecting the Council's recommendation. The Director stated:

   1. The Council's finding that the termination was excessive, is not supported by the evidence[, and]

   2. The Council's Conclusions of Law (number 3), that the disciplinary action was arbitrary and capricious is not supported by the evidence.

¶17            A.R.S. § 41-1830.13(A) requires the Director to "state the reason or reasons for rejecting" the Council's recommendation. The statute does not, however, mandate findings of fact. When findings of fact are required in law enforcement merit system proceedings, the regulatory scheme makes that clear. *See, e.g.,* A.A.C. R13-5-703(U) ("The Council's decision shall contain findings of fact."). "In the absence of a statute or rule requiring an administrative board to make detailed findings of fact, none are required." *Justice v. City of Casa Grande*, 116 Ariz. 66, 68 (App. 1977). Although the Director's stated reasons were brief, they complied with statutory requirements.

### III. Shelton Did Not Rebut the Presumption of Fairness

**¶18** Finally, Shelton asserts due process violations. He contends the Director "is not a fair and impartial decision maker because he failed to fairly apprise himself of the record, conduct an adequate review of the evidence, and is represented by the same attorney who prosecuted the case before [the Council]." However, under Arizona law, "adjudicators are presumed to be fair and may be disqualified only upon a showing of actual bias; mere speculation regarding bias will not suffice." *Pavlik v. Chinle Unified Sch. Dist. No. 24*, 195 Ariz. 148, 152, ¶ 11 (App. 1999). Agencies may combine investigation, prosecution, and adjudication functions absent a showing of "actual bias or partiality." *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 108, ¶ 26 (App. 1999).

**¶19** A party asserting bias "bears the burden of rebutting the presumption of fairness and establishing a disqualifying interest." *Pavlik*, 195 Ariz. at 152, ¶ 11. Shelton has not carried his burden. He presents no evidence of bias or partiality by the Director. And the record reflects that DPS made a considered decision to terminate Shelton based on its belief his termination was in the best interest of DPS and the public after attempts to curb Shelton's alcohol abuse failed.

### CONCLUSION

**¶20** We affirm the decision of the superior court. We deny Shelton's request for an award of attorneys' fees incurred on appeal because he has not prevailed.



Ruth A. Willingham · Clerk of the Court
FILED: ama